UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYON D. BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>NORTH KERN STATE PRISON, et al.,<br><br>        Defendants. | Case No. 1:20-cv-01396-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A FEDERAL CLAIM**<br><br>21-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

Kenyon D. Brown alleges the defendants unlawfully denied him parole consideration under California Proposition 57 (2016). (Doc. 33.) The Court finds that Plaintiff's second complaint fails to state a cognizable claim under federal law. Given that Plaintiff has received an opportunity to amend his complaint, and his second amended complaint suffers from the same deficiencies as his prior complaint, the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). The Court therefore recommends that this action be dismissed.

**I.  SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

**B. Linkage and Causation**

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

**III.   PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges regulations of the California Department of Corrections and Rehabilitation (CDCR) improperly exclude inmates with violent felony offenses from early-parole consideration under California Proposition 57 (2016). (Doc. 33 at 2-5.) He alleges the exclusion violates California Constitution article I, section 32(a)(1). (*Id.*)

**IV.   DISCUSSION**

**A. Due Process**

The Fourteenth Amendment protects persons from deprivations of life, liberty, or property without due process of law. U.S. Const. amend. XIV. Protected liberty interests may arise both from the Constitution itself or from state law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted). "A state may create a liberty interest through statutes, prison regulations, and policies." *Chappell v. Mandeville*, 706 F.3d 1052, 1063 (9th Cir. 2013) (citation omitted).

When a protected liberty interest is implicated, the Due Process Clause provides certain procedural guarantees before the state may interfere with that interest. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569-70 (1972). The amount of process or specific procedures required vary by context and the particular interest at stake. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

///

"[T]he Ninth Circuit [has] held that California law creates a liberty interest in parole." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citing *Cooke v. Solis*, 606 F.3d 1206, 1213 (9th Cir. 2010)). "The procedures required" for parole determinations, however, "are minimal." *Id.* at 220. To satisfy the Due Process Clause, a prisoner facing a parole determination must be "allowed an opportunity to be heard;" and, if parole is denied, he must be "provided a statement of the reasons" for the denial. *Id.* "The Constitution . . . does not require more." *Id.* (internal quotation marks and citation omitted).

Plaintiff fails to state a cognizable due process claim. He alleges CDCR's implementing regulations for Proposition 57 (2016) violate California Constitution article I, section 32(a)(1). (*See* Doc. 33 at 3-5.) However, "section 32 does not create a constitutionally-protected liberty interest." *Jones v. Diaz*, No. 4:19-cv-07814-JSW, 2020 WL 10816217, at *6 (N.D. Cal. 2020); *see also Herrera v. California State Superior Cts.*, No. 1:17-cv-386-AWI-BAM, 2018 WL 400320, at *4 (E.D. Cal. 2018). In other words, Plaintiff's claim that CDCR regulations unlawfully exclude him from parole consideration under Proposition 57 is a matter of state law; it does not implicate the Fourteenth Amendment or other federal law. *See id.*; *Williams v. California Dep't of Corr.*, No. 1:19-cv-00250-LJO-GSA, 2019 WL 6918206, at *5 (E.D. Cal. 2019); *Rodriguez v. Anderson*, No. 5:18-cv-1181-AGA-GR, 2019 WL 6194993, at *5 (C.D. Cal. 2019).

### B. Supplement Jurisdiction

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, courts "may decline to exercise supplemental jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3).

As described above, Plaintiff alleges the implementing regulations for Proposition 57 violate the California Constitution. (*See* Doc. 33 at 3-5.) Because Plaintiff fails to state a cognizable claim under federal law, the Court declines to exercise supplemental jurisdiction over his state-law claims.

///

## V. CONCLUSION, RECOMMENDATION, AND ORDER

For the reasons set forth above, Plaintiff's second amended complaint (Doc. 33) fails to state a cognizable claim under federal law. Given that Plaintiff has received an opportunity to amend his complaint and his second amended complaint suffers from the same deficiencies as his prior complaint, the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Accordingly, the Court **RECOMMENDS** that this action be dismissed. The Court **DIRECTS** the Clerk of the Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 20, 2022**          /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE